**In the Matter of Florine ECK, Debtor.**

**Bankruptcy No. 83–185.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 22, 1983.

Ronald R. Swartz, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., Trustee.

J.H. Williams Oil Co., George E. Nader, Tampa, Fla., for claimant.

ORDER ON MOTION OF J.H. WILLIAMS OIL COMPANY, INC. TO TAX COSTS AND ATTORNEYS' FEES AGAINST DEBTOR, RONALD R. SWARTZ AND STEEN & SWARTZ

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with due notice upon a Motion to Tax Attorney Fees filed by J.H. Williams Oil Co. (Williams Oil), a Plaintiff in an adversary proceeding against the Debtor to lift the automatic bankruptcy stay.

On October 27, 1982, Florine Eck, the Debtor, filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. Shortly thereafter, Williams Oil filed a Complaint to Lift the Automatic Stay in order to foreclose a mechanics lien. In order to place the Motion in the proper prospective, the following undisputed facts as

·appear from the record should be briefly summarized and they are as follows:

A Motion for Summary Judgment filed by the Plaintiff was set for hearing on Friday, January 28, 1983. On that date, but before the scheduled time for hearing on the Motion, the attorney for the Debtor filed a voluntary dismissal of the Chapter 13 case. On the following Monday, January 31, 1983, the attorney for the Debtor filed a new Chapter 13 Petition.

Williams Oil contends that the voluntary dismissal and refiling of the Chapter 13 Petition was done in bad faith and for the sole purpose of protracting litigation and impairing its efforts to collect the debt owed to it by the Debtor. Williams Oil further contends that inasmuch as the conduct of the attorney for the Debtor resulted in a multiplicity of proceedings and expenditure of excess attorney fees, the attorney for the Debtor should be required to personally reimburse Williams Oil for the additional attorney fees incurred. Its right to the relief sought is based on 28 U.S.C. § 1927 which provides as follows:

> 28 U.S.C. § 1927. *Counsel's Liability for Excessive Costs*
>
> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees *reasonably* incurred because of such conduct." (Emphasis supplied).

While this Court is inclined to agree that under the circumstances present in this case, the attorney for the Debtor should be required to reimburse Williams Oil for excess attorney fees. The reimbursement should be limited to attorney fees *reasonably* incurred as a result of his conduct. This Court is of that opinion that $500 is a reasonable fee for the excess legal services necessitated by dilatory conduct of the Debtor's attorney.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Tax Attorney Fees filed by J.H. Williams Oil Co. be, and the same hereby is, granted and Ronald R. Swartz, Esquire of STEEN & SWARTZ be, and the same hereby is, directed to pay to J.H. Williams Oil Co. the sum of $500 as reasonable compensation for excess attorney fees.

DONE AND ORDERED at Tampa, Florida on June 22, 1983.